21-6151. Good morning.  My name is Matthew Guadagno, and I represent the petitioner, Sanne Nemis. This case is about whether Mr. Nemis' conviction for conspiracy to violate 18 U.S.C. Section 1546A is a crime involving moral turpitude. The first four paragraphs of 18 U.S.C. Section 1546A provides different ways that the statute can be violated. Based upon the indictment in this matter, Mr. Nemis was convicted of violating the fourth paragraph. The fourth paragraph is overbroad. It has three ways that the statute can be violated. Two of those ways are crimes involving moral turpitude. One of those ways is not. Since the statute is overbroad under the categorical approach, it's not a crime involving moral turpitude. And the reason that you say that one of those is not is because you think that- I'm sorry, I can't hear you. I'm sorry. The reason that you say that one of those clauses is not is because it permits a violation based on frivolous filings. Apparently, yes. I mean, the language it uses is, which fails to contain any reasonable basis in law or fact and does not have a requirement of false statement. And since there's no requirement of false statement, there is no evil intent requirement. And an evil intent is a requirement for something to be a crime involving moral turpitude. In a 28J letter that was submitted and both the reply brief cite to this Court's decision in Jang v. Garland, which involved a New York State money laundering statute, which required knowing conduct but did not require an evil intent. And since there was no evil intent required, the money laundering statute was found not to be a crime involving moral turpitude. The argument is that they're analogous. Since this third provision doesn't require any type of evil intent, the third provision is not a crime, does not involve moral turpitude. Therefore, the statute is over, that provision is overbroad. And Mr. Nemus' conviction is not for a crime involving moral turpitude. I would point out in the government's brief, the government wants to imply materiality into the statute. On page 40 of the government's brief, they talk about a doctrine called, I've been practicing saying this, and basically the argument is that it should be implied into the statute that there's a requirement for a false statement of material fact. And that argument goes against the plain language of the statute. It's not there. The government is asking the court to basically make up a statute, to basically put something in the statute that isn't there. The statute is worded in the disjunctive, and by phrasing the statute in the disjunctive, the point is that there's three different requirements, three different things. And essentially, the government's interpretation, by adding false statement of material fact to the third part, renders the third part essentially superfluous, because it would essentially be the same as the other two parts. And I would point out in our reply brief at page 6, a Second Circuit case called Mendes v. Barr is quoted, where it says the government's argument that an implicit mens rea requirement can be read into the statute proves too much. And it was referred to as a concession that the statute is ambiguous. And essentially, when the government is making arguments. Well, the phrase says, with respect to material facts in the first part, and you're saying, and then later on it says any false statement, and you're saying the later use of false statement doesn't bring along with it material fact? There's no, the third part does not say false. There's no reference to false statement in the third clause. There's arguably a requirement that it be done knowingly, but it fails to contain any reasonable basis in law or fact. There's no evil intent in that third part. And because there is no evil intent in that third part, it is not a crime involving moral turpitude. And if the third part is not a crime involving moral turpitude, then the whole third part is overbroad. And. Would that be conduct that impairs the efficient functioning of the government? I'm sorry, I'm a little hard of hearing. Could you please speak up a little more? Would that provision be conduct that impairs the efficient function of government by deceit, graft, or trickery, as we said? I see it as no different than the statute in Jiang, which was a money laundering statute. And in Jiang, this court held that you need an evil intent. It's not just that it has to somehow involve the government, but there has to be some sort of, like the first two provisions talk about false statement. I have your argument on Jiang, and my question is, how do we reconcile that with what we said in Cupidi about 1001, and the conduct impairs the efficient functioning of government by deceit, graft, or trickery? There was- It's something different than evil intent, but it seems to satisfy the conduct, or the provision at issue here. There was- It was material fact. There was also a requirement that it be a material fact. There was a requirement of materiality, and that materiality requirement is not here as well. So that- So that's how you distinguish that case? Yes. Okay. So, you know, if we were to agree with you- If we were to agree with you, forgive me, this would result, I think, in a pretty substantial expansion of a statute that, in general, is not favorable to petitioners. In other words, if all it takes to violate this statute, forget about the crime of moral turpitude issue, is just any such false statement that's frivolous, and then you get ensnared in 1546A, that's a potentially significant, significantly broader interpretation and reading of the statute than maybe other people, other clients of yours, might want. So help me with that. Do you understand what I'm saying? I do say, but there still is a knowing requirement to this. And so it's not just frivolous, it's knowingly frivolous, because the language at the outset of the statute- So you've got to know it's totally without basis. Yes. As opposed to just like a pro se person that doesn't know what they're doing, it would have to be someone who's knowingly doing this. And I think, in my brief, I talked about a board case called Matter of Jesso in Iowa. There's this practice that I'm not a fan of where lawyers are filing asylum claims where they know the person does not have asylum claim. What they want to do is get the person in front of an immigration judge to apply for non-LPR cancellation of removal. There's no way to affirmatively file for non-lawful permanent cancellation of removal. I think that would be the type of situation that is referred to in the statute. And that kind of conduct has generally been considered to be unethical conduct. But not a crime involving moral turpitude. Unethical, but not a crime involving moral turpitude. Again, the argument is that this particular person would not be a crime involving moral turpitude. That is correct. It would be unethical, but not necessarily. Lawyers are held to a different standard than the rest of the world. But what a lawyer does bad is not necessarily bad that a non-lawyer would do. You've reserved some time for rebuttal. Yes. Thank you, Your Honor. And we'll hear from the government. Good morning. Good morning. Good morning. May it please the Court, my name is Craig Newell, and I'm here on behalf of the Attorney General. Mr. Niemus' conviction for conspiracy to commit visa fraud categorically constitutes a crime involving moral turpitude. His conviction was under the Federal Conspiracy Statute under the Offense Clause, and the offense that he committed was under the Phrase 4 of Section 1546A. Now, the conduct that's prescribed in that phrase, all that conduct, fits squarely within the morally turpitudeous conduct of impairing a government function by deceit, trickery, or dishonest means. And all three methods that are provided under Phrase 4 fall within that concept. But haven't we held that to trigger that provision, the government has to show deceit, graft, and trickery? Yes, Your Honor. And the deceit, graft, trickery, dishonesty here is the knowingly making the false statement of material fact very similar to the general federal crime of false statements that this Court found to be morally turpitudeous in the Coupete decision. We're essentially looking at a false statement's federal crime, but in the context of visa applications and immigration in general. So there really is no difference between Coupete and here. So how do we reconcile that language with the inherently base, vile, depraved definition that your friend is urging us to apply? Oh, yes. So the general definition of crime involving moral turpitude is that it's inherently base or deprived, and you're looking for a couple of mental state and reprehensible conduct. That's how the Board has laid it out, and this Court has long deferred to that and has expressed no disagreement with that. But this Court has also said that that standard is met when you have an offense that impairs an important government function by deceit or dishonesty. You need an affirmative act that's calculated to deceive the government. That's the Rodriguez decision, and it comes from the fact that what we have is an inherently fraudulent crime. This is a long-recognized principle that, yes, primarily fraud is about cheating, and when we're talking about fraud against the government, it's cheating the government out of money or property. But it extends to also defeating these important functions, and that would be setting forth, you know, hiding the truth when the truth is of utmost importance in determining who should or should not be a member of our society in determining immigration. So even though the definitions sound different under Rodriguez, the impairing the government efficiency kind of category is, as a matter of law, within the kind of vile mental state? Yes, Your Honor. Yes, Your Honor. Just take me through this slowly because I'm trying to understand. As I understand it, the relevant phrase, this fourth clause, but tell me if you think that I'm wrong, reaches immigration documents that are frivolous but not necessarily fraudulent. Question mark. Yes, they do cover that application that lacks any reasonable basis in factor law. That covers you knowingly submitting a frivolous document. But you're doing that. So the whole thing, you're saying, so this whole document, this whole application lacks any foundation in reality. My question was, remember the last part, but not frivolous but not fraudulent. Yes, it doesn't meet the, it is inherently fraudulent because what you're doing is you're doing something deceptive for the purpose of obtaining a benefit that you don't deserve. That's what makes it inherently fraudulent. As this court and the board explained in the matter of Flores and then in Rodriguez. It's frivolous but not deceptive. If it's frivolous, it's likely to be able to identify that by simply reading the document. Right, and at times a frivolous, but that's, but as with crime involving moral turpitude, you are making a character judgment. What is this, what is this, sorry, okay. If I, you know what, answer just part of this question. I'll ask the follow-up question. So the person, even if it's so blatantly frivolous, is intending, he or she is hiding the truth of what actually are the facts applicable to him. Maybe so, maybe not. But in, so in the case of the example of the asylum application that is frivolous for the intent of getting yourself in a removal proceeding to apply for cancellation. You're putting forth a false claim of asylum. Let me give you a hypothetical. It's just a general hypothetical. I put in an application and I say, I know, I know that this is frivolous, but here are all the facts. They're true, but I know that none of these facts will give rise to whatever the application requires me to. And so that is frivolous. I acknowledge that it's frivolous. My client, for whatever reason, I'm submitting this thing. Is that fraudulent? If I acknowledge the frivolity, is that fraudulent? But in that circumstance, you're not hiding the truth. Well, so, but that's the point. Because what this says, it doesn't say hiding the truth. It's just any such false statement or which, or which fails to contain any reasonable basis in law or fact. And I say, it's a true state, true statements, but, you know, these don't contain any reasonable basis in law. And I acknowledge that it's frivolous. Is that a fraud? Is that fraudulent? So is that what we described in Zhang v. Garland last year as a vicious, evidencing a vicious motive or a corrupt mind? That's what we described a, one of the elements of a crime involving moral turpitude. Right. In this case, the knowingly mens rea is a copomomental state because it's tied to doing an affirmative act against the government to impair its efficiency and its operation. And Zhang, all the person had to do was know that this financial transaction was concealing a crime. You heard our back and forth and I think the first matter about the various issues that people have with these coaches. Right. But, you know, that's part of the problem. So I read it and I'm open minded, but I read it and it says I focus on the disjunctive or which fails to contain any reasonable basis in law. Well, again, I don't see any number of different scenarios under which that's frivolous, maybe sanctionable, maybe, as your friend said, unethical. In fact, almost assuredly so. But is it fraudulent? Is it the sort of corrupt intent that we have described in other cases, including in cases involving 1001 false statement charges? Yes, Your Honor, it is because what that is, it amounts to the same as making a false, a knowing false statement of American material fact. In the knowing- I'm sorry, I didn't follow that. It's the same thing as making a- It amounts to the same thing. So when you knowingly make a false statement of material fact, it is- so you take that and you compare it to you knowingly presenting an application for a visa where the whole thing lacks any foundation in law or fact. So you're both trying to undermine the ultimate determination by presenting something that's not truthful. Does it matter that there's an attestation under penalty of perjury here that there's an oath clause? The under penalty of perjury applies to only the first prong, the making a false statement under oath or subscribing under penalty of perjury. The Coljay case of this court said that the penalty under perjury applies to the oath portion, but not the presenting portion. So the person puts in an application. The application says, I left El Salvador and I came here and came north and snuck into the country. And El Salvador is full of evil government officials who do bad things to their citizens on many occasions. I am going to- I think I'm going to get persecuted because I have red hair. I'm not inclined to tell you anything more. Let me in. That's a frivolous application, but is that fraudulent? In any meaningful sense of the term you're talking about for an 80-year-old. Right. The first question is whether someone like that gets punished under this phrase for. From my research, this phrase, that portion of phrase for. I understand your hypothesis. It's somewhat of a far-fetched hypothetical, but I'm just testing your notion that there's no space between frivolous applications and fraudulent applications. I'm not saying there's no space. What I'm saying is those frivolous- Well, once you say that. Well, one, there is a space because there's fraud, as it's classically understood. That involves the intent to defraud. That involves, you know, a detrimental reliance. The Rodriguez- the Matter of Flores and Rodriguez standard, they don't require that. You just have to act dishonestly, deceptively. The person who makes the assigned claim based on a claim of red-haired people being persecuted- How do you characterize that, the red-haired? Well, it's dishonest. What was dishonest about it? That someone who spent his life in El Salvador and is- And there's no evidence out there in the real world that red-haired people are being persecuted, let alone harmed there, for that factor. And he knows what he's doing is shading the truth. He's- I don't know why you would submit that, but you are still- At the end of the day, frivolous applications- It didn't fool anybody. And it was frivolous, but- At the end of the day, that act of dishonesty is impairing the lawful function of the immigration authorities because they have to bother adjudicating. It took maybe three seconds until somebody finishes reading. And impairing a government function, as I understand it, is not the only requirement. It has to necessarily have the corrupt intent inherent in a crime involving moral turpitude, right? You're right. And that is there by being- by taking an affirmative act of deceit, dishonesty, for the purpose of obtaining something that you, as a matter of the real world of law, in fact, you would not deserve. Thank you very much. Thank you, Your Honors. Just to address compute one more time, I'm looking at decision. It talks about that there has to be knowing unwillfully in making a material false statement. And this statute doesn't- the provision- the third clause doesn't have that material false statement requirement like the other two provisions in 1546A that say which contain any such false statement. That's why this is different from compute. And my last point would be the government wants to imply into this statute an evil intent element. This is a criminal statute. And the court should not be implying intents into mens reas into a criminal statute. If the statute is ambiguous, the court should utilize the rule of lenity. And in the reply brief talked about a Third Circuit case, United States v. Asheroff, which that Third Circuit case utilized the rule of lenity in interpreting 18 U.S.C. 1546A. And in doing so, commented that the statute was convoluted. Okay. Thank you. Thank you very much. Thank you both. We will reserve the decision.